#### IN THE UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | § |
| **v.** | §   CASE NUMBER: 4:23-cr-056 SDJ-BD |
| | § |
| | § |
| **JONATHAN MARK FLEMING** | § |

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S COMPETENCY TO STAND TRIAL

This matter is before me under 28 U.S.C. § 636(b) and the local rules of this court.

On April 23, 2024, the defendant's counsel requested a psychiatric or psychological exam to determine if he was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The court granted that motion on April 24, 2024. Dkt. 37. The defendant was subsequently evaluated by Dr. Tiffany K. Smith, in Los Angeles, California, and found to be competent. Dr. Smith's psychiatric report, Dkt. 40, concludes that "Mr. Flemming appears to have the ability to understand the nature and consequences of the court proceedings against him, and to properly assist counsel in his defense."

A competency hearing was conducted on September 16, 2024. At the hearing, the defendant appeared in court with his counsel, Michelle Allen-McCoy. Ms. Allen-McCoy did not present any objections to Dr. Smith's opinion on competency. Neither party objected to the admissibility of the report detailing the results and findings.

The undersigned concludes that the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. He has a rational and factual understanding of the proceedings against him and has sufficient present ability to

consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States*, 362 U.S. 402 (1960)

## RECOMMENDATION

The court should find the defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy-trial time be excluded from April 23, 2024 (the date the defendant filed a motion for a psychiatric exam), to the date on which this report and recommendation is adopted.

## OBJECTIONS

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report within fourteen days of being served with a copy of this report bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

So ORDERED and SIGNED this 17th day of September, 2024.



_____
Bill Davis
United States Magistrate Judge